UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVION G DAVIS,

        Petitioner,

                                                            Case No. 13-cv-1220-bhl

  v.

DAN CROMWELL,

        Respondent.

## ORDER

On November 12, 2020, the Court entered an order denying Davion G. Davis' petition for a writ of habeas corpus, dismissing this case, and denying a certificate of appealability. (ECF No. 35.) On the same day, the Clerk entered a final judgment. (ECF No. 36.) Pursuant to 28 U.S.C. §2107 and Federal Rule of Appellate Procedure 4(a), Davis had thirty days from November 12, 2020 (until Monday, December 14, 2020) to file a notice of appeal from this Court's judgment. He did not do so.

On January 18, 2021, more than a month after the notice of appeal deadline had passed, Robert N. Meyeroff filed a notice of appearance for Davis. (ECF No. 37.) No further filings were made until March 15, 2021, when Davis, acting pro se, filed a motion for extension of time to file a notice of appeal, along with a notice of appeal and a docketing statement. (ECF Nos. 38, 39, 40.) The Court denied Davis' motion on March 17, 2021, explaining that Federal Rule of Appellate Procedure 4(a)(5)(A) only permits a district court to extend the time to file a notice of appeal if the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." (ECF No. 44.) Because the time prescribed by Rule 4(a) for Davis to file his notice of appeal expired on December 14, 2021, he was required to seek an extension no later than January 13, 2021 if he wanted to lengthen the December deadline. Davis' March 15, 2021 motion was well past this date, and this Court therefore did not have authority to grant his request.

Davis' April 19, 2021 motion for reconsideration must also be denied. Reconsideration is appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.

1996) (citations omitted). Davis does not allege any error of law. Instead he points to "new facts" that he claims support reconsideration. He contends that he hired attorney Robert N. Meyeroff to represent him in his federal habeas case more than a year ago and that Meyeroff has failed to take steps to represent Davis and has otherwise provided ineffective assistance of counsel. (ECF No. 45 at 2-4.) Davis' statements about attorney Meyeroff's conduct, if true, are troubling, but they have no bearing on this Court's lack of authority to extend the notice of appeal filing deadline. Simply put, this Court lacks any ability to extend the deadline at this point and Davis' complaints about his lawyers' conduct do not change the limits of the Court's power. The Court thus cannot grant reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Davis' motion for reconsideration, ECF No. 45, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 23, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge
